SCHOTT, Judge,
dissenting in part.
I concur with the majority opinion as far as finding that defendant Olin was negligent and for the amount of damages awarded to Oliver J. Vicknair but believe that the record clearly supports a finding of contributory negligence on the part of Henry Vicknair who was the driver of the following vehicle. The following facts are undisputed:
*364 1. After the accident, Olin’s automobile was in the median at the center of the Airline Highway and Vicknair’s truck was in the left lane.
2. Vicknair’s truck laid down 93 feet of skidmarks.
3. After the impact Olin traveled a distance of 57 feet and Vicknair a distance of 8 feet.
4. Henry Vicknair testified that he was going 30 or 35 miles an hour and was two or three car lengths behind Olin and in his version of how the accident happened, Olin was in the right lane and started coming over slow. He admitted that the middle of his truck struck the back left corner of the car.
5. One of the policemen testified that the whole front end of the truck was damaged “but mostly the left.” He also said that the principal damage was in the center and that the damage to Olin’s vehicle was the left and center rear.
From these facts I am unable to exonerate Henry Vicknair from some negligence which contributed to this accident. An automobile going 30 to 35 can be stopped by the driver who sees that the other automobile is coming into his path. Olin testified that he put his turn indicator signal on when he started to make his move, and while Vicknair did not admit this neither did he deny it, and in any event he knew that Olin was coming over.
Vicknair was insured by USF & G and a proper third-party demand was filed by Olin. I would reverse the judgment in part so as to grant a judgment in favor of Olin and against Henry Vicknair and USF & G for contribution, and would reverse the judgment in favor of Henry Vicknair and USF & G, dismissing their claim against Olin.